Williams *v.* Marshall.

---

[NEW YORK GENERAL TERM, November 7, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]

---

WILLIAMS and others *vs.* MARSHALL and others.

Although the name of the principal debtor be inserted in a bond as one of the obligors, the instrument need not be subscribed by him, in order to make it binding on the sureties who do sign it.

The consideration in every guaranty must be executory; that is, it must be for something to be done; otherwise it is insufficient. But where guarantors bound themselves to pay "all claims for maps, books or other publications sold or delivered unto H. within three months from the date of each invoice or delivery;" *Held* that the language employed did not import an executed consideration, but evidently referred to a future invoice or delivery.

Whatever would be sufficient as a consideration in the case of any other kind of contract, is sufficient in the case of a guaranty; and any act in the nature of a benefit to the person who promises, or to any other person upon his request, is sufficient.

Williams *v.* Marshall.

APPEAL from a judgment rendered at a special term, on the verdict of a jury. The plaintiffs alleged, in their complaint, that on the 2d day of March, 1857, the defendants entered into a certain contract of guaranty, whereby they agreed with certain persons then doing business under the firm name of J. H. Colton & Co., that if the latter would sell and deliver maps, books, or other publications to one William H. Hadley, for which said books, maps, &c. said Hadley should not pay within three months from the date of each invoice or delivery, the defendants would pay, and that thereupon the defendants, delivered said agreement to said "J. H. Colton & Co." The plaintiffs further alleged that thereafter, to wit, between the said 2d day of March, 1857, and the 8th day of July, in said year, the said "J. H. Colton & Co.," on the faith of said guaranty, sold and delivered to said Hadley, maps, books, and other publications, amounting in the aggregate to the sum of $348.51. That said Hadley had paid, on account of said sales, the sum of $153.51, and no more; that the sum of $194, the balance of said account, had been demanded of said Hadley, by said "J. H. Colton & Co.," and by the plaintiffs, and payment thereof was refused. The plaintiffs further alleged that after the sale aforesaid, and on or about the 7th day of October, in the year 1857, said "J. H. Colton & Co." executed and delivered a general assignment of all their property, real and personal, including the demand aforesaid, to the plaintiffs, who accepted the same. The plaintiffs prayed judgment for the sum of $190, with interest.

A. P. Marshall was the only defendant who answered. He admitted the execution of a bond similar to that set forth in the complaint, but denied that J. H. Colton & Co. ever sold to Hadley the goods and chattels to the amount in the complaint alleged, or to any amount whatever, over and above what were paid for by Hadley within the time limited for such payment in the condition of said bond or contract of guaranty. The defendant denied the other matters set

forth in .the complaint. And for a further, separate and distinct defense, the defendant alleged and charged that after making the contract of guaranty in the complaint set forth, and on or about the 25th day of September, 1857, the said J. H. Colton & Co. for a good and valuable consideration, entered into an agreement and contract in writing with said William H. Hadley, whereby said J. H. Colton & Co. agreed to extend, and did extend, the time, and give day of payment to said Hadley, for all moneys due or owing from him to said Colton & Co. including the demand set forth in the complaint, for the space of one month, that is to say, from about the 1st of October, 1857, to about the 1st of November, 1857; that said contract was valid and binding upon Colton & Co. and prohibited them from commencing any action thereon, or otherwise enforcing the payment for goods by said Hadley, and that at the time of said contract, and at the time the demand of Colton & Co. mentioned in the complaint became due and payable, Hadley was solvent and abundantly able to pay the said claim; that said contract was made without the knowledge or consent of the defendant; and that in consequence thereof he was deprived of the ability to indemnify and secure himself against responsibility on account of the failure of Hadley to pay said claim; and that said contract to extend time of payment had reference to the same claim and demand set forth in the complaint.

On the trial, at the circuit, the counsel for the plaintiff put in evidence the following instrument, signed by Marshall & Peverly, dated March 2, 1857; also the written admission' of the defendant's attorneys, that the same was duly executed and delivered:

"Know all men by these presents: That we, William H. Hadley of Milwaukee, state of Wisconsin, as principal, and A. P. Marshall and Thomas E. Peverly, of the same place, as securities, are held and firmly bound unto J. H. Colton & Co. of New York city, in the sum of one thousand dollars lawful money of the U. S. of America, to be paid to the

above named J. H. Colton & Co. or their legal representatives, for which payment well and truly to be made, we bind ourselves and our heirs, executors, administrators and assigns, firmly by these presents. Sealed with our seals. Dated the second day of March, one thousand eight hundred and fifty-seven.

The condition of the above obligation is such, that if the said William H. Hadley, his heirs, executors, administrators or assigns, shall well and truly pay or cause to be paid unto the said J. H. Colton & Co. or their legal representatives, all claims for maps, books or other publications sold or delivered unto the above named Wm. H. Hadley, within three months from the date of each invoice or delivery, together with all necessary expenses incurred in collection of the same; then the above obligation to be void, otherwise to remain in full force and virtue.

      (Signed)      A. P. MARSHALL. [L. S.]

                THOS. E. PEVERLY. [L. S.] ”

The counsel for the defendant objected to the admission of the bond, on the ground that it was incomplete. It purported to be a bond of W. H. Hadley with the other parties, Marshall and Peverly, and it had never been executed by Hadley. It was a joint bond, but not a joint and several bond. He further objected to it on the ground that the bond purported to be for a past debt, and not for a future delivery of goods.

The plaintiff proved the delivery of several bills of goods to Hadley, on the faith of this instrument, prior to September, 1857. In that month he wrote to Colton & Co. admitting that they had a charge of $143.45 against him, which, according to agreement, would be due on the 1st of October, and another, of $74.41, which would become due October 8, and asking for a month's extension of the time of payment. Colton & Co. granted the extension, but with an exhortation to Hadley "to be prompt."

At the close of the testimony, the defendant's counsel

moved to dismiss the complaint, which motion was denied and exception taken. The court directed the jury to find a verdict for the plaintiffs, for the amount of their claim, with interest; and they found accordingly.

*A. K. Hadley,* for the appellant.

*P. Y. Cutler* and *E. F. Hyatt,* for the respondents.

*By the Court,* CLERKE, J. I. It is objected, that, because in the body of the instrument in question the name of the principal is inserted as one of the obligors, it ought to have been subscribed by him, in order to make it binding on the sureties. The omission of the principal to sign the instrument operates in no respect prejudicially to the latter. In the recital, they declare that they contract as sureties, and that William H. Hadley is principal; so that if he had signed it, his relation to them, or to the vendor of the goods, would be, in no degree, different from what it now is. In either case they would be only liable conditionally; that is, in case Hadley failed to pay for the goods to be sold or delivered to him by the plaintiffs. This being the case, there can be no valid reason why the instrument should be deemed void. It has never been successfully claimed, even 'if there were a hundred names recited as obligors in the body of the instrument, and some of them failed to subscribe to it, that therefore those who did sign it were exonerated from liability.

II. The instrument states that the obligees shall be liable for goods sold or delivered unto Hadley, instead of to be sold or delivered. Undoubtedly the consideration in every guaranty must be executory—that is, it must be for something to be done; otherwise, it is insufficient. But the language employed in this instrument does not import the past tense. The guarantors bind themselves for all claims for maps, books or other publications sold or delivered unto Hadley, within three months from the date of invoice or delivery,

&c. evidently referring to a future invoice or delivery. Besides, the plaintiffs, in proving the delivery of the goods to the principal, showed that they were delivered after the execution of the guaranty, and in consequence of it.

III. It was objected, also, that it does not appear that the consideration moved to the guarantors—that it was solely to the principal; as all elementary writers on this relation of principal and agent say, whatever would be sufficient as a consideration in the case of any other kind of contract is sufficient in the case of a guaranty; and any act in the nature of a benefit to the person who promises, or to any other person upon his request, is sufficient.

As I deem the consideration expressed in this instrument sufficient, it is not necessary to consider whether it is a sealed agreement. Regarding it as a simple contract of surety, the consideration is sufficient; if insufficient, it would have been proper to inquire whether it was a sealed agreement, as it is well established that such an instrument is not within the statute of frauds, requiring the consideration to be expressed. The seal imports a consideration.

IV. As to the point that the sureties were released by extending the time of payment to the principal, it is clear, that no extension was agreed upon finally by the creditor and the principal. The latter, indeed, asked further time and the former offered to grant it on certain conditions, which were refused, and the offer was rejected.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, November 7, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]