THOMAS SNELL ET AL. v. MOSES C. GREGORY.

*Assignment of Interest shown by Bill of Particulars—Contradiction of One's Own Witness.*

A bill of particulars attached to a declaration on the common counts and showing the assignment to the plaintiff of outstanding interests in a claim on which he sues, renders unnecessary a special declaration averring the assignment.

A party may contradict his own witness in a suit at law.

Error to Huron.    Submitted Oct. 10.    Decided Oct. 30.

Assumpsit.  The facts are in the opinion.

*John J. Wheeler* for plaintiffs in error.    Assignment of a cause of action to the plaintiff must be definitely alleged in the declaration.  *Waldron v. Harring*, 28 Mich., 495; *Barnum v. Stone*, 27 Mich., 333.    One cannot contradict his own witness, *Maynards v. Cornwell*, 3 Mich., 309; *Newell v. Blair*, 7 Id., 103; *Thomas v. Sprague*, 12 Id., 120; *Craig v. Grant*, 6 Mich., 447.

*Winsor & Snover* and *H. B. Carpenter* for defendant in error.    The bill of particulars and notice served with the declaration supply all needful information of the nature of the demand sued on, *Draper v. Fletcher*, 26 Mich., 154, when not specifically set out in the declaration, *Davis v. Freeman*, 10 Mich., 192.    A party may prove any particular fact in direct contradiction to the testimony of his own witness, *Gibbs v. Linabury*, 22 Mich., 481; *Jarnigan v. Fleming*, 5 Amer. Rep., 520; 1 Greenl. Ev., §§ 443–4 n. 1.

CAMPBELL, J.    Gregory sued plaintiffs in error upon the common counts and gave them a bill of particulars showing his claim to rest on a balance due for work done under a contract made by himself and one Thomas Brown with plaintiffs in error on which a settlement had been made and balance struck at $1,255.36, and showing that Brown had assigned his interest to Gregory.

On the trial it was objected that the declaration should have been special, and should have averred the assignment. In *Kelly v. Waters*, 31 Mich., 405, we decided otherwise. The defendant when sued on the common counts can always be informed as fully by demanding a bill of particulars as by averments in the declaration, and that is all that is needed for his protection.    This case is one which is plainer than *Kelly v. Waters*, because here the recovery was upon an account stated and balance agreed upon.

The plaintiff below proved a part of his case by calling Snell, one of the plaintiffs in error, and was allowed upon some points to contradict him by other evidence.    This is alleged as error, it being claimed to have been a violation

of the rule forbidding the impeachment of witnesses by those who call them.

There is nothing in any known rule of evidence to prevent a party from contradicting his own witnesses, and it would be a very dangerous thing to introduce such a rule. Every one would then be at the mercy of his own witnesses, and if the first witness sworn should swear against him he would lose the testimony of all the rest. This would be a perversion of justice. It is claimed, however, that where an adverse party is called, he should not be contradicted even although a witness might be. This would lead to the singular result of giving a person less protection against an adverse witness than against an indifferent one. When parties are called on for discovery in equity, they may always be contradicted, and common justice requires that they should be subject to this. The rules of evidence should be so framed as to draw out and not conceal the truth.

There is no error in the record, and the judgment must be affirmed with costs.

COOLEY, C. J., and GRAVES, J., concurred.

MARSTON, J., did not sit in this case.