Brady, J.
This case comes to us for the second time.
The defendant and one Going, became the sureties for one Wolffsohn, on his appoinment as an agent of the plaintiffs, and the latter having made advances to the agent which were regarded by the learned referee as proper items to be allowed against the defendant on his bond a review was sought and this court, in view of the strict rules governing the relation of principal and surety, held that they were not, and a new trial was ordered. Kindred items were disallowed on the second trial, but the defendant’s counsel insists that this was done in part only, and that the rule pronounced herein on the former appeal has been violated.
It appears that from the month of January, 1878, in his reports to the company, the agent withheld as his commissions, certain sums, amounting in all to $1,175.90; but this was not sanctioned by the plaintiff, which, as to such item constituting the aggregate noted its disallowance. The result is that the sum named was due to the plaintiff, the agent not having earned the commissions which were retained by him, as indicated by his reports.
*700 The defendants’ counsel, however, regards this mode of procedure, not only as an advance, but quasi payment, by which the relation of debtor and creditor was created between the agent and the plaintiff. These views cannot be sustained, however. Whatever the agent may have thought of the retention of the sums referred to, the plaintiff disavowed them as advances or charges against it, and awaited the result for the period mentioned, namely, from January, 1878, to August, 1878, when the agency of Wolff sohn ceased. There was no agreement, therefore, express or implied, for any advance to the agent by the plaintiff, resulting from any act or omission warranting such a conclusion.
The effort to surround the legal effect of these facts with any doubt, or to render it necessary to invoke the discussion of the rules governing them, must fail. The defendant, by his bond, became responsible for the failure of the agent to pay over the moneys received by him, and hence his liability on the facts stated.
The defendants’ counsel claims further, that even if his client did become liable, he was discharged, inasmuch as the plaintiff extended the time for the payment by the agent of the balance due. In answer to his proposition it must be said that there is no evidence of which it can be predicate. The knowledge that the agent was improperly retaining a sum of money for commissions, as shown by his reports, the payment of which the plaintiff did not insist upon at once, but carried as a balance, is the only agreement to defer or extend the time of payment disclosed by the record. The cases applicable as to the discharge of a surety rest upon an agreement to extend the time of payment by the principal. Place v. McIlvain, 38 N. Y., 96; Greene v. Bates, 74 id.,333; Calvo v. Davies, 73 id., 211.
It is also insisted that inasmuch as the agent had been appointed at the time the defendant’s bond was executed, there was no consideration but a past one, and the bond was, therefore, void. This may be as to the past transactions, certainly not as to the future, for as to this the consideration was a continuing one, running with the agency until its termination. Indeed, the necessity for any consideration in such a bond other than that which springs from the relations which call it into existence, may be doubted. It seems to be enough that the person for whom the guaranty is given receives from it a benefit or advantage. DeColyar on Guarantees, p. 22; Leonard v. Vredenburg, 8 Johns., 29; Williams v. Marshall, 42 Barb., 524; Burges’ Law of Suretyship, p. 11; McNaught v. McClaughry, 42 N. Y., 22.
This decision embraces all the questions of any import on this appeal. It is quite evident that the struggle by the *701 defendant’s counsel, which is able and ingenious, is to establish his proposition that the sums retained were advances and which, as such, it was not within the intention of the parties to provide against. We have already given to his client the advantage of this theory, and would again if the facts required it. They do not. There were no ad-. vanees.
The result of the examination of the record is, therefore, that the judgment pronounced was right and should be affirmed, with costs.
Daniels and Davis, JJ., concur.