JACOB SCHEIK ET AL.

v.

TRUSTEES OF SCHOOLS.

*Bond of School Treasurer—Action against Sureties—Receipt—Application of Payments—Commissions.*

1. In an action against the sureties on a school treasurer's bond, it is *held:* That certain amounts objected to were properly included in the

Scheik v. Trustees of Schools.

judgment; that the date of a certain receipt is not conclusive as to the time of payment; and that the liability of the principal was established by his receipt to the former treasurer.

2. Where a creditor makes no application of a payment, part of his indebtedness being secured and part unsecured, such payment may be applied to an unsecured indebtedness at the option of the creditor, or by implication of law.

[Opinion filed December 9, 1887.]

REMANDED from the Supreme Court.

Messrs. C. A. HILL and HALEY & O'CONNELL, for appellant.

Messrs. JAMES FRAKE and B. W. ELLIS, for appellees.

LACEY, J. This cause was appealed to the Supreme Court from a decision of this court reversing the judgment of the lower court without remanding, and upon appeal to and a hearing in the Supreme Court, the judgment of this court was reversed and the cause remanded back for further proceedings not inconsistent with the decision of that court. For the opinion of this court and the Supreme Court, see 16 Ill. App. 49, and 109 Ill. 579.

In passing upon the questions involved at the former hearing, as will be seen by an examination of the opinion, we only passed on the question of liability of the sureties on the School Treasurer's bond, and, determining there was no liability, we did not pass upon the question of its amount.

The Supreme Court having decided that there was liability, it now becomes our duty to pass upon the objections raised by appellants against the justice of a portion of the judgment.

The appellants are the sureties on the School Treasurer's bond of appellees; Philip Reitz, never having signed such bond, is not a party to the suit. Certain amounts having gone into and made up a part of the judgment recovered against appellants, are objected to as improper, to-wit:

1.   Item, $185.20, charged by Reitz as commission on the building fund of District No. 7.

2.   Item, in not crediting him with the McGlashan note of July 21, 1876, for $72.50.

3.   Item, in not crediting him with $616.10 excess of loans over collections prior to the date of the bond in suit.

4.   Item, in charging those securities with $600 received by Reitz from Martin after his re-appointment, April 11, 1887, and also $11.75 received by Reitz after such appointment.

As to the item of $185.20 claimed to be due the treasurer for commissions, we can say we think there is evidence sufficient to justify the court in finding it was an afterthought on the part of Reitz, and that he made the charge just before he gave up the books, notwithstanding his evidence to the contrary.

The $600 received by Reitz we will next notice.   The evidence of Reitz shows that this was not received as of the date of the receipt, and hence the date of the receipt should not govern as to the time of its reception, and we think the court was justified in finding that the money was received before Reitz was re-appointed, and if not, the $1,000 payment made by Reitz to his successor might be applied on this indebtedness of Reitz to appellees till it was extinguished, this amount being unsecured, at the option of appellees or by implication of law, and that the principle announced in Trustees of Schools v. Smith, 88 Ill. 181, is not authority against this being done.   In the Smith case the entire claim was in a judgment, and it could not be regarded as two claims, one secured and the other unsecured.   In this case there were two claims, one for $611 unsecured, and the other a large sum, secured by Reitz's bond.

We are satisfied that the court was justified in finding, from the evidence, that there was no second McGlashan note.

As to the claim of $616.10, loans over collections, we think the question of collections had little to do with the matter, as the receipt to Bock, the former treasurer, for notes and money to the amount of $13,076.49, was sufficient to establish Reitz's liability, and his collections need not be taken into ac-

count.   He must show that amount remaining in his hands in some form, or how he disposed of it.   Trustees v. Smith, *supra*.   We find no material error committed on the part of the court against the appellants in the admission of evidence.

Finding the judgment substantially correct, the judgment of the court below is affirmed.

*Judgment affirmed.*