## ARTHUR W. RUSSELL *vs.* JOHN F. ANNABLE.

A bond given for the purpose of obtaining a dissolution of an attachment of partnership property, and executed in the name of the firm by only one of two partners named as principals therein, cannot be enforced against a surety without evidence of the assent of the other partner to its execution. WELLS, J., dissenting.

CONTRACT, brought August 3, 1870, against one of the sureties in the following bond given under the Gen. Sts. *c.* 123, § 104, to dissolve an attachment :

" Know all men by these presents, that Erastus Dennett and Charles R. Pottle, of Boston in the county of Suffolk, as principal, and George M. Stevens, of Cambridge, and John F. Annable, of Somerville, in the county of Middlesex, as surety, are holden and stand firmly bound and obliged unto Arthur W. Russell, of Cambridge in said Middlesex, in the full and just sum of two hundred dollars, to be paid unto the said Russell, his executors, administrators or assigns, to which payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents, sealed with our seals, dated the twenty-second day of July in the year of our Lord one thousand eight hundred and sixty-nine. The condition of this obligation is such, that, whereas the said Russell has caused the goods and estate of said Dennett & Pottle, to the value of two hundred dollars, to be attached on mesne process in a civil action, by virtue of a writ bearing date the 21st day of July, A. D. 1869, and returnable to the superior court for civil business to be holden at said Boston within and for the county of Suffolk on the first Tuesday of October next, in which said writ the said Arthur W. Russell is plaintiff, and the said Erastus Dennett and Charles R. Pottle the defendants ; and whereas the said defendants wish to dissolve the said attachment according to the provisions of the General Statutes in such cases made and provided ; Now, therefore, if the above bounden Russell shall pay to the plaintiff in said action the amount, if any, which he shall recover therein, within thirty days after the final judgment in

said action, then the above written obligation shall be null and void, otherwise to remain in full force and virtue.

" Signed, sealed and deliv-    " Dennett & Pottle,    [seal]
    ered in presence of           " George M. Stevens, [seal]
    Edward Raymond."              " John F. Annable.    [seal] "

The declaration alleged that the plaintiff at said October term 1869 of the superior court duly entered the action named in the bond, and such proceedings were had therein that he obtained judgment against said Dennett & Pottle at April term 1870 for $110 damages and $21.49 costs, and no part of said judgment had been paid, though the defendant had often been requested to pay the same, and the defendant owed him the amount of said judgment and the costs subsequently accrued thereon. The answer denied each and every allegation of the plaintiff.

Trial in the superior court before *Scudder*, J., who by consent of the parties reported the following case before verdict : " This was an action on a bond, of which a copy is annexed. It appeared that Erastus Dennett and Charles R. Pottle were copartners, under the firm name of Dennett & Pottle, and that the execution of the bond, as to the principal, was by one of them. It was contended by the defendant that the bond was void upon its face ; also that there was no legal execution of it by the principals, and therefore it was void as to the defendant. If these objections are valid, then judgment is to be for the defendant; if invalid, then judgment for the plaintiff for $138.83, with interest from June 24, 1870, being the date of original judgment and costs. The officer's return on the original writ and judgment may be referred to. The execution of the bond by the defendant was admitted." The return of the officer, thus referred to, certified that the property attached by him, for dissolution of which attachment the bond was given, was property of Dennett & Pottle, and that he took the bond " of said Dennett & Pottle, with George M. Stevens and John F. Annable as sureties."

*J. S. Abbott*, for the plaintiff.

*C. C. Read*, for the defendant.

AMES, J. It is well settled that one partner cannot bind his associates by affixing his signature, in the name and style of the

firm, to an instrument under seal. To make such a transaction binding, it must appear that there was either a previous author-ity, or a subsequent ratification on the part of the other partners, adopting the signature as binding upon them. *Cady* v. *Shepherd*, 11 Pick. 400. *Van Deusen* v. *Blum*, 18 Pick. 229. *Swan* v. *Stedman*, 4 Met. 548. *Dillon* v. *Brown*, 11 Gray, 179. The report in this case presents no evidence of any previous authority or subsequent ratification, and it follows that the bond is not so executed as to bind the members of the firm.

The bond purports to be the joint and several contract of cer-tain persons named therein as principals, and the defendant and George M. Stevens as sureties. The defendant's undertaking is only that the principal obligors shall fulfil the obligation which by the terms of the bond they have assumed. But, if the bond was not binding upon both Dennett and Pottle, (as it was not, for want of due and proper execution of the instrument on their part,) they assumed no obligation, and it was not binding upon the sureties. It was essential to the bond that the principals should be parties to it; it is recited that they are so, and the in-strument is incomplete and void without their signature. The remedy of sureties against their principals might be greatly em-barrasssed, if such an instrument as this should be held binding. There is nothing to estop any member of the firm, who did not sign it, from denying that he was a party to it, and it was no part of the defendant's contract that he should be surety for one member of the firm, and not for both. The instrument is incom-plete without the signature of each partner, or proof that the signature affixed had the assent and sanction of each of them. The sureties on a bond are not holden, if the instrument is not executed by the person whose name is stated as the principal therein. It should be executed by all the intended parties. *Bean* v. *Parker*, 17 Mass. 591. *Wood* v. *Washburn*, 2 Pick. 24.

The instrument, being found incapable of taking effect as a specialty, cannot operate as a simple contract. Cases have in-deed arisen, in which a bond, duly executed, expressing a contract which the parties had a right to make, has been held to be valid at common law, although not made with the formalities, or exe-

cuted in the mode, provided by a statute under which it purports to have been given. See *Sweetser* v. *Hay*, 2 Gray, 49, and cases there cited. But we find no case in which it has been held that a written instrument, purporting to be a specialty, and plainly intended by the parties to have all the incidents and characteristics of a bond in the strict and technical sense of that word, has ever been transmuted by the court into a simple contract, for the reason that it has not been properly executed to take effect as a contract under seal.

It is therefore held, by a majority of the court, that there should be judgment for the defendant.

WELLS, J., dissenting. I am unwilling to agree that judgment shall be ordered for the defendant upon the report in this case. I fear that such a result will be a denial of justice to the plaintiff, in consequence of an imperfect disclosure of the facts of the case in the court below, and an insufficient consideration as to the real questions of law involved. It is a mischief to which parties are always exposed under the recent provision of law allowing such reports before verdict in the superior court, and without trial there. A full trial of the facts in the first instance will often obviate the necessity of any report; and will best develop the real questions of law that are important for the decision of the case. If, however, counsel consent to a report without such previous investigation and consideration of the facts upon which the rights of their clients depend, this court can only determine the case upon what is presented; and if the facts are imperfectly or insufficiently stated, the party having the burden of proof in that particular must fail.

In the present case, the bond may be good as against both Dennett and Pottle. Its execution in the partnership name by one of them would be good against both if with the authority or assent of the other, or if subsequently ratified or assented to by him. Such assent may be proved by admissions, or inferred from the acts or conduct of the other partner, at any time. *Cady* v. *Shepherd*, 11 Pick. 400. *Swan* v. *Stedman*, 4 Met. 548. *McIntyre* v. *Park*, 11 Gray, 102. But, under the general denial in the answer, the burden was upon the plaintiff to prove such

assent. No such fact is stated in the report, and it cannot be inferred from what is stated. If the plaintiff's right of action depends upon proof of a bond valid against both partners, he must fail for this reason.

This suit, however, is against the surety alone. Execution of the bond by him is admitted. There is a principal obligor legally bound; because upon the face of the bond, and the statements of the report, the partner who signed the bond is bound thereby. *Van Deusen* v. *Blum*, 18 Pick. 229. *Dillon* v. *Brown*, 11 Gray, 179. It does not appear, and is not alleged in the answer, that the defendant was misled in regard to the execution by the principal; or that he had any reason to suppose that the instrument was to be executed otherwise than as stated in the report, and as appears on its face ; or that it was not understood and intended by the defendant that it should be delivered in the form in which it now appears. It may fairly be presumed that the signatures were attached in the order in which they stand upon the paper. If so, the defendant knew that the signature of the principals was written by one of them only. If he signed it, or consented to its delivery, with knowledge of the mode in which it was executed in behalf of the principals, he is bound by it. A party to a sealed instrument may be held bound by it, notwithstanding the fact that some of the persons who are, by the form of the instrument, parties to it, have not executed it. *Cutter* v. *Whittemore*, 10 Mass. 442. *Adams* v. *Bean*, 12 Mass. 137. *Herrick* v. *Johnson*, 11 Met. 26. *Kendall* v. *Karland*, 5 Cush. 74. The case of *Adams* v. *Bean* is especially in point.

Even if it should be held that the burden is upon the plaintiff to show that the defendant delivered or consented to the delivery of the bond under such circumstances as to bind him, notwithstanding its invalidity to bind both partners ; yet this aspect of the case does not appear to have been presented in the court below, or to have been considered in drawing up the report. The point presented arises upon the objection " that there was no legal execution of it by the principals, and therefore it was void as to the defendant." This objection is sustained only by the fact stated, that it was executed in the partnership name by one

of them only. As the legal result contended for does not follow conclusively from the facts stated in the report, but depends upon other facts not alleged and apparently not considered, it seems to me that the proper order in the case would be, that the report be discharged, and the case stand for trial upon the facts. The plaintiff's claim is a meritorious one, and he ought not to be defeated of his remedy upon any mere technicality. If in fact the defendant consented to the delivery of this bond knowing that it was signed by one of the principals without authority from the other, it seems to me that it would be allowing a technicality to prevail over substantial justice, to permit this defence to succeed without further opportunity to prove the facts. I do not think the report requires that we should hold the plaintiff thus strictly.

There is another view of the case which leads to the same result. Even if the bond is not so executed as to be valid under the statute, it may nevertheless operate as a voluntary agreement, independently of the statute. *Sweetser* v. *Hay*, 2 Gray, 49. *Wendell* v. *Fleming*, 8 Gray, 613. *Bank of Brighton* v. *Smith*, 5 Allen, 413. As such, it does not require a seal. And if it cannot operate as a sealed instrument to bind the partnership, it may still be construed as the contract of the partnership, according to its tenor, having the force of a simple or unsealed agreement. *Tapley* v. *Butterfield*, 1 Met. 515.

This agreement was sufficiently within the scope of the partnership business to enable one partner to contract for the firm. It related exclusively to partnership interests; undertaking to pay a partnership debt when ascertained by a judgment, and securing a release of partnership property from attachment, and its surrender to the firm. This also furnished the consideration. The conditional form of the agreement does not prevent its operation as a simple contract on the part of the principals. It is joint and several therefore. The fact that it is well executed by the defendant as a sealed instrument does not prevent a recovery against him upon his contract. He cannot defend upon the ground that the obligation of the principals under the same instrument is of a different quality or degree and requiring the application of somewhat different rules in its enforcement against

them.  If the bond were invalid against the principal by reason only of infancy or coverture, the surety would still be held.  *Herrick* v. *Johnson*, 11 Met. 26, 31.

The case of *Herrick* v. *Johnson* is especially in point, and apparently sustains the position now sought to be maintained.  In that case, the defendant was held in debt upon a sealed indenture of three parts, although the indenture had not been executed by the third party, who was the principal for the performance of whose contract in part the defendant became bound.  The decision was placed upon the ground that a complete contract, independent of the indenture which was made to secure its performance, was recited in the indenture, and the defendant was thereby estopped to deny that the contract on the part of the principal, as recited, did in fact exist.  The dissenting opinion of Chief Justice Shaw does not, in my view, conflict with, but rather sustains the positions which I have endeavored to maintain in this case.

Upon either aspect of the case, and as a result either of authority or of correct legal reasoning, I do not think it follows that a bond is void against a surety, who admits its execution, and neither alleges nor proves any ground of avoidance, except that it appears to have been executed in the partnership name by one of two partners named as principals, without evidence of authority or legal assent from the other partner ; it being a transaction proper for the protection of the interests of the copartnership. I say it does not follow, because, as a legal proposition, it depends upon other facts which are neither stated nor denied.

When a report or agreed statement fails to cover all the facts necessary for a conclusive determination of the legal question sought to be presented, it is not a proper case for an order of final judgment.                          *Judgment for the defendant.*