———o———

STATE *ex rel.* JAS. S. BROWN, Adm'r, Defendant in Error, *vs.* PETER S. BAKER, Adm'r, *et al.*, Plaintiffs in Error.

1. *Bond—Surety—Signature of on faith of that of co-surety which proves to be forged.*—A surety upon a bond will not be discharged from liability by the fact that the name of a co-surety, on the faith of which his signature has been procured, was a forgery, nor by the fact that the surety whose name was forged gave him no information of the fact, where the condition upon which the surety signed is unknown to the officer to whom the bond is given, at the time he accepts the same. (State to use, etc. vs. Potter, 63 Mo. 212.)

*Error to Johnson Circuit Court.*

*C. E. Moorman,* for Plaintiffs in Error, cited: Moore vs. Sandusky, 46 Mo. 377- 380 ; Seeley vs. The People, 2 Am. Law Reg. 344, N. S. ; Bagot vs. State *ex rel.* Dennison, 33 Ind. 262 ; Pepper vs. State *ex rel.* Harvey, 22 Ind. 399–410, and authorities cited ; The People vs. Bostwick, 32 N. Y. 445–447 ; Ayres vs. Milroy, 53 Mo. 516, *et seq.* ; Whitmore vs. Obear, 54 Mo. 280, *et seq.* ; Martin vs. Smylee, 55 Mo. 377 ; Briggs vs. Ewart, 51 Mo. 245 ; Cutter vs. Whittemore, 10 Mass. 443 ; Linn Co. vs. Farris, 52 Mo. 75 ; Gasconade Co. vs. Sanders, 49 Mo. 192; Corby, Ex'r, vs. Weddle, 57 Mo. 452 ; and contended that the facts in State to use vs. Potter (63 Mo. 212), differed materially from those in the case at bar.

*Crittenden & Cockrell,* for Defendant in Error.

SHERWOOD, Judge delivered the opinion of the court.

It is not necessary to review the action of the court in refusing to set aside the judgment by default, since we do not regard the matter which the affidavits contain as constituting any defense.

The fact that the name of Milly A. McFarland, one of the apparent sureties on the administration bond was forged, or that when informed of such forgery by the administrator, the principal in the bond, after the acceptance of the bond by the proper officer, she did not inform those who had really signed the bond as sureties, of the forgery, cannot affect their previously incurred liability, or distinguish this case, in point of principle, from that of the State vs. Potter (63 Mo. 212); since, in this case, as in that, the bond was complete, and the condition upon which the sureties signed, unknown to the officers, and equally broken; in the former case by failing to obtain the signature of a certain person as co-surety; in the latter by a like failure coupled with the forgery of the name of the promised person.

We are unable, therefore, to make any substantial distinction between the two cases, and shall affirm the judgment.    The other judges concur.