BUNN, *Appellant,* v. JETMORE.

**Principal and Surety.** A bond running in the names of several persons, one as principal and the others as sureties, but subscribed only by the sureties, is not obligatory on them.

*Appeal from Johnson Circuit Court.*—HON. F. P. WRIGHT, Judge.

AFFIRMED.

*John J. Cockrell* for appellant.

When Hazleton delivered the written instrument to the township board, in the body of which was written, " We, Perry R. Hazleton, principal, &c., sureties, jointly and severally agree to pay," &c., and commenced to perform the duties of constable, this was a sufficient signing of the instrument without it being subscribed by him.   3 Parsons on Contr., (5 Ed.) 5, 8; Bishop on Contr., p. 58, § 167; *Coddington v. Goddard,* 16 Gray 436, 444.

*Elliott & Jetmore* for respondent.

The principal never having executed the bond, it is void and imposes no obligation on the sureties.   As the principal never signed or executed the bond, he is not bound, and if the principal is not bound, the sureties are not.   *Bean v. Parker,* 17 Mass. 591; *Ward v. Washburn,* 2 Pick. 24; *Russell v. Annable,* 12 Am. Rep. 665; *s. c.,* 109 Mass. 72; 2 Pothier Obligations, 85.   There can be no security without a principal.   In this bond no principal is bound, and the instrument cannot operate.   As a statutory bond, it has no obligee—should be executed to the trustee, and suit should be instituted in the name of the trustee, in a suit on a valid bond, to the use of the party injured

NORTON, J.—This is a proceeding to recover of defend-

ant as security of Perry R. Hazleton, constable of Hazle Hill township, Johnson county, the sum of $50.15, money alleged to have been collected by said constable and not paid over to the party entitled to receive it. The suit is founded on the following instrument of writing, viz; " Whereas, the undersigned, Perry R. Hazleton, was, on the 13th day of September, 1874, duly appointed to the office of constable of Hazle Hill township, in the county of Johnson and State of Missouri, and has accepted and is about to enter upon the duties thereof. Now, therefore, know all men by these presents, that we, Perry R. Hazleton, an principal, and S. Jetmore, Wm. McMahan, J. N. Stockton and J. T. Hamm, as securities, jointly and severally agree to pay each and every person who may be entitled thereto all such sums of money as the said constable may become liable to pay on account of any execution which shall be delivered to him for collection by virtue of his office, and all such damages as each and every person may sustain by reason of any malfeasance, misfeasance or non-performance on the part of said constable.

> " S. JETMORE,
> " W. McMAHAN,
> " J. N. STOCKTON,
> " J. T. HAMM."

Approved this 19th day of September, 1874.

> JOHN L. TRAPP, Chairman Board.

E. A. WILLIAMS,

WM. P. GREENLEE.

The 6th section, article 5, of the township organization act, which act, at the time the above instrument was executed, was in force in Johnson county, provides that every person chosen or appointed to the office of constable before he enters upon the duties of his office  *  * shall execute, with two or more securities, an instrument in writing to the township trustee, to be approved by the township board of directors, in which said constable and his securities shall jointly and severally agree to pay to

each and every person all such sums of money as said constable may become liable to pay on account of any execution which shall be delivered to him for collection by virtue of his office, and all such damages as each and every person may sustain by reason of any malfeasance, misfeasance or non-performance of duty on the part of said constable. Acts 1873, p. 101. It will be observed that the writing in question is neither made to the township trustee as required by the said act, nor is it executed by Hazleton, the constable, mentioned therein as principal. In consequence of this omission or failure to make the instrument conform to the statute, and the non-execution of the writing by the principal, it is claimed that the said writing did not impose any liability on defendant as security. The trial court took this view of the subject, and rendered judgment for defendant, and it is this action which the plaintiff asks to be reviewed on his appeal.

It is a clear requirement of the statute quoted, that Hazleton, the constable, should execute such an instrument in writing as is designated in section 6, *supra*. The writing offered in evidence and on which defendant is sought to be made liable, does not show a compliance with this requirement, but on the contrary does show that never having been signed by the constable, it was never executed by him. It is, however, insisted that the writing though never executed by the principal, is, nevertheless, binding on defendant who did execute it as security. The received doctrine is, that securities who execute a writing as such only, can show in discharge of their liability, that their principal never was bound, and we can perceive no reason why that principle cannot be invoked in this case. This question was directly passed upon in the case of *Ward v. Washburn*, 2 Pick. 24, which was a proceeding against the securities of an administrator on an administrator's bond. The bond was not signed by the administrator, and because it was not the court held that the sureties who had signed it were not bound. In the case of *Bean v. Parker*, 17 Mass.

591, it was expressly held that the securities on a bail bond which had not been signed by the principal, were not liable thereon. Judgment affirmed, in which all concur.