THE STATE *ex rel.* HEWITT, *Appellant*, v. HEWITT.

Guardian's Bond: SIGNATURE OF SURETY OBTAINED BY MISREPRESENTATION: FORGERY.  A surety in a guardian's bond cannot avoid liability by showing that he was induced to sign by a representation that a name already on the bond as surety was the genuine signature of the party, when in point of fact it was a forgery, unless it be further shown that the officers of the probate court or the beneficiaries had notice of the representation and its falsity.

*Appeal from DeKalb Circuit Court.*—HON. JOSEPH P. GRUBB, Judge.

REVERSED.

*Pike & Pike* and *Stephen S. Brown* for appellant.

NORTON, J.—This is a suit on a guardian's bond in which Coen, one of the defendants and sureties, pleads *non est factum*, and the other surety, Fuson, defends on the ground that he was requested on behalf of the guardian to sign the bond as surety, and was induced to do so on the representation that said Coen had signed the bond as surety; that the signature of said Coen to the bond was forged, and that he would not have signed the bond if he had not believed that Coen's signature was genuine. On the trial, judgment was rendered for defendants, from which plaintiff has appealed.

The error complained of is the refusal of the court to give the following instruction: "That if the jury find from the evidence that said Fuson signed the bond sued on after the name of said defendant Coen appeared to be signed thereto by his mark, upon the representation of one Robert A. Hewitt, Jr., that said signature was genuine, and that said Fuson was induced by the said representation of said Hewitt to sign the said bond as a co-security with said Coen, and shall further find that such representation of said Hewitt was false, and that the signature of said Coen was not genuine, but was forged; yet, if they further find from the evidence that said bond was afterward filed in the probate court of this county, and was regular and complete on its face, and that the officers of said court or the beneficiaries in said bond had no notice of said representation of said Hewitt, or the falseness of the signature of said Coen, then, and in that event, the jury are authorized to find for the plaintiff as against Fuson, and will assess the damages as stated in instruction number five, given for

plaintiff." The question thus presented has been heretofore decided by this court in the case of *State v. Potter*, 63 Mo. 212, and *State ex rel. v. Baker*, 64 Mo. 167 ; *State ex rel. v. Modrel*, 69 Mo. 152. In the light of these authorities the court committed error in refusing said instruction, and in giving instructions for defendant asserting a principle in direct opposition to that contained in the instruction asked for by plaintiff. For these errors the judgment is reversed and cause remanded. All concur.