STATE OF MINNESOTA, *ex rel.* the Supervisors of the Town of Otto, *vs.* J. S. AUSTIN.

March 1, 1886.

**Insufficiency of Bond on Appeal from Order Laying out Highway.**— A bond purporting to be the obligation of one as principal, and of others as sureties, but which has been executed only by the sureties, does not upon its face show any obligation on the part of such sureties. Such a bond is insufficient for the purpose of an appeal to a justice of the peace from an order of supervisors in road proceedings, and the justice acquires no jurisdiction by the attempted appeal.

| 35 | 51 |
| 55 | 189 |
| 35 | 51 |
| 64 | 233 |
| 35 | 51 |
| d72 | 187 |

*Certiorari*, directed to a justice of the peace of Otter Tail county, to review proceedings taken on an attempted appeal from a determination by the board of supervisors of the town of Otto in discontinuing and laying out a highway.

*Charles L. Lewis*, for relators.

No appearance for respondent.

DICKINSON, J.    There is here brought in question the validity of an appeal by one Jewell from an order of town supervisors to the respondent, a justice of the peace.    The order appealed from discontinued an old road and laid out a new one.    The filing of a bond with sufficient sureties is essential for the purpose of perfecting an appeal, and to give to the justice jurisdiction.    Gen. St. 1878, *c.* 13, § 60; *State* v. *Fitch*, 30 Minn. 532, (16 N. W. Rep. 411.)    The bond filed in this case purports, in the body of it, to be the obligation of Charles W. Jewell, as principal, and of two others as sureties, and is conditioned for the performance of the expressed obligation by "the abovebounden Charles W. Jewell," etc.    The instrument was, however, executed only by the sureties named.    Upon its face the bond appears to be incomplete.    It was not the obligation of the principal named, for he did not execute it.    It did not, so far as appears, bind the sureties, because, as appears from the terms of the instrument, the obligation which they assumed was that of sureties for another who was to be the principal obligor.    It was not, therefore, of effect as the bond of even those who executed it.    *Bean* v. *Parker*, 17 Mass. 591;

*Wood* v. *Washburn*, 2 Pick. 24; *Russell* v. *Annable*, 109 Mass. 72; *Bunn* v. *Jetmore*, 70 Mo. 228; *Hall* v. *Parker*, 37 Mich. 590.    It may be that persons executing such an instrument, which upon its face appears to be incomplete, may, by their own conduct, subject themselves to liability thereon, or become estopped from questioning the completeness of the instrument; but this does not affect the question under consideration.    The statute contemplates a bond which in itself expresses the obligation required to be assumed.    Upon its face this bond expresses no obligation.    The attempted appeal was therefore ineffectual, and the justice acquired no jurisdiction.

Some other questions relating to the jurisdiction of the justice were raised by the relator; but, as no opposing brief has been presented, we will not now decide them.

The justice not having acquired jurisdiction, all proceedings before him must be vacated.    Judgment will be entered accordingly.