GAY, *Administrator, Appellant*, v. MURPHY *et al.*

Division Two, March 31, 1896.

**Principal and Surety:** FAILURE OF PRINCIPAL TO SIGN BOND: RIGHTS OF SURETIES. A bond given by a contractor to secure the performance of a contract which recited that it was executed by him as principal and others as securities contained an implied promise that the principal would sign it before delivery to the obligee, and, in default of his signature, it is void as to the sureties, though by its terms, as well as by statutory provision, it is both joint and several.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*H. A. Clover, Jr.*, and *J. H. Zumbalen* for appellant.

*First.* Possession of a bond by the obligee is *prima facie* proof of its delivery by the obligors who have signed it, even though it be incomplete on its face. 2 Greenl. Ev. [14 Ed.], sec. 297; *Williams v. Springs*, 7 Ired. L. 384; *Bank v. Ridgley*, 1 Harr. & Gill. 324; *Chandler v. Temple*, 4 Cush. 285; *Grim v. School Directors*, 51 Pa. St. 220; *Blume v. Bowman*, 2 Ired. L. 338; *Ward v. Churn*, 18 Gratt. (Va.) 801; *Towns v. Kellett*, 11 Ga. 286. *Second.* The bond is *prima facie* valid and binding on the sureties, though not executed by the principal. If for any reason it does not bind them, the burden to show this is on those who have executed it and not on the obligee. *Douglass Co. v. Bardon*, 79 Wis. 641, 48 N. W. Rep. 969; *Wild Cat Branch v. Ball*, 45 Ind. 213; *Chouteau v. Suydam*, 21 N. Y. 179; *Dillon v. Anderson*, 43 N. Y. 231; *Parker v. Bradley*, 2 Hill (N. Y.), 584; *Williams v. Marshall*, 42 Barb. 524; *Mayor v. Kent*, 5 N. Y. S. 567; *Cutter v. Whittmore*, 10 Mass. 442; *State v. Sandusky*, 46 Mo. 377; *Kurtz v. Forquer*, 94 Cal. 91; *Loew v. Stocker*, 68 Pa. St. 226; *Whitaker v. Richards*, 134 Pa. St. 191; *Trustees v. Scheick*, 119 Ill. 579; *Woodman v. Calkins*, 34 Pac. Rep. (Mont.) 187; *Cockrill v. Davie*, 35 Pac. Rep. (Mont.) 958; *Miller v. Tunis*, 10 Up. Can. (C. P.) 423; *State v. Bowman*, 10 Ohio, 445; *Johnson v. Johnson*, 31 Ohio St. 131; *Cooper v. Evans*, 36 L. J., ch. 432; L. R. 4 Eq. 45. *Third.* The contract and bond were executed on the same day and form parts of one entire transaction. But the bond being a sealed instrument imports a consideration and it was not necessary for plaintiff to aver or prove a consideration. *Montgomery Co. v. Auchley*, 92 Mo. 128.

*M. Kinealy* and *Jas. R. Kinealy* for respondent.

The bond and contract were offered in evidence together and excluded, and plaintiffs without offering any further evidence suffered a nonsuit. Respondents contend that the ruling of the court below was correct, on three grounds: *First.* Because the bond on its face showed it was without consideration. *Parker v. Bradley*, 2 Hill, 584; *Ring v. Kelly*, 10 Mo. App. 411; *Smith v. Mollison*, 26 N. Y. Supp. 653. *Second.* The covenant in the contract does not provide for payment of fees, etc., and even as to payments by the contractor to the owners provided for in it (clauses 12 and 13), it is only broken when the owners actually pay money on the claims mentioned in it. The covenant in the bond, however, even as to these claims mentioned in the contract, is very much more onerous, being to save harmless and indemnify, and is broken and a right of action arises on it, when the judgment is rendered or the contractor fails to pay, although the owners may never pay. See *Smith v. Teer*, 21 U. Can. Q. B. 412; *Chace v. Hinman*, 8 Wend. (N. Y.) 452; *Pope v. Hays*, 19 Tex. 375; *Bennett v. Cadwell*, 70 Pa. St. (253) 261; *Fish v. Dana*, 10 Mass. 46; *Warwick v. Richardson*, 10 M. & W. 284; *Smith v. Howell*, 6 Ex. 730. And hence the sureties on the bond are held to obligations which are not binding on the principal who does not sign the bond. *Third.* Because this bond, purporting on its face to be an obligation of a person as principal and the defendants as sureties is invalid and can not be enforced against these defendants, named as sureties, because not signed by the principal. *Bunn v. Jetmore*, 70 Mo. 228; *Johnson v. Kimball Township*, 39 Mich. 187; *Wood v. Washburn*, 2 Pick. 24; *Russell v. Annable*, 109 Mass. 72; *Green v. Kurdy*, 43 Mich. 279; *Ferry v.*

*Burchard,* 21 Conn. 597; *Board v. Sweeney,* 48 N. W. Rep. 302; *Curtis v. Moss,* 2 Rob. 367; *Sacramento v. Dunlap,* 14 Cal. 421; *Goodyear Dental Co. v. Bacon,* 151 Mass. 460; *State v. Austin,* 35 Minn. 51.

BURGESS, J.—Action to recover of defendants, as sureties of Andrew G. Wallin, damages aggregating the sum of $6,373.14, for breaches of a building bond. The penalty of the bond is $10,000. It was never signed by the principal, Wallin. It reads as follows:

"*Know all men by these presents,* That Andrew G. Wallin, of the city of St. Louis, Missouri, as principal, and P. C. Murphy, L. A. Bowlin, and Charles Green, as securities, are jointly and severally held and firmly bound unto Taaffe & Gay, of the city of St. Louis, Missouri, in the sum of ten thousand ($10,000) dollars, lawful money of the United States of America, well and truly to be paid to the said Taaffe & Gay for which payment well and truly to be made, we bind ourselves, and each of us by himself, our and each of our heirs, executors, and administrators firmly by these presents. Sealed with our seals and signed with our hands, this thirtieth day of April, in the year of our Lord eighteen hundred and ninety.

"The condition of the above obligation is such, that whereas, the said Andrew G. Wallin, principal, has on the day of the date of these presents, executed and entered into a certain contract for the erection of certain buildings in said contract described, which contract is hereto annexed: Now, if the said Andrew G. Wallin shall well and truly perform and fulfill all and every the covenants, conditions, stipulations, and agreements in said contract mentioned to be performed and fulfilled, and shall keep the said Taaffe & Gay, owners, harmless and indemnified from and against all and every claim, demand, judgments, liens, and

mechanic's liens, costs and fees of every description, incurred in suits or otherwise, that may be had against them or against the buildings to be erected under said contract and shall repay the said Taaffe & Gay all sums of money which they may pay to other persons on account of work and labor done or materials furnished on or for said buildings, and if the said Andrew G. Wallin shall pay to the said Taaffe & Gay all damages they may sustain, and all forfeitures to which they may be entitled by reason of the nonperformance or malperformance on the part of said Andrew G. Wallin of any of the covenants, conditions, stipulations, and agreements of said contract, then this obligation shall be void, otherwise the same shall remain in full force and virtue.

"Witness our hands and seals.

| | |
|---|---|
| "P. C. MURPHY, | [SEAL] |
| "L. A. BOWLIN, | [SEAL] |
| "CHAS. GREEN, | [SEAL] |
| "_____ _____. | [SEAL]" |

The petition alleges the partnership between Taaffe & Gay, the death of Taaffe and the granting of letters of administration to plaintiff as surviving partner on the partnership estate; that said firm and Andrew G. Wallin entered into a written contract whereby said Wallin agreed to erect and complete for said firm a row of five ten-room brick houses, according to certain plans and specifications, for the sum of $21,285, to be paid in installments as the work progressed. The petition then set forth certain covenants in said contract, and properly assigns breaches thereof, as well also as breaches of the bond.

The answer is, *first*, a general denial, except as to matters thereinafter admitted; *second*, a special plea of *non est factum*, denying the delivery of said bond by the defendants or either of them to the plaintiff, and

averring that the bond was received by the obligees with knowledge and notice that it was not the obligation of the defendants, in that it was not executed by the principal therein named, and in that neither of said defendants agreed or consented to the delivery thereof to the plaintiff without the signature of the principal therein named. The answer was verified by affidavit.

The reply admits that the principal did not sign or execute said bond, and denies the affirmative averments in the answer.

The case was referred to A. N. Crane, Esq., to try the issues.

Defendants admitted that all the signatures to said bond and contract are the genuine signatures of the parties thereto, but objected to the admission of the bond in evidence, on the ground that said bond is not regular or complete on its face, inasmuch as it described Andrew G. Wallin as principal, and is not signed by him, and it does not appear that the defendants, who signed as securities for Wallin, consented to be bound without the signature of said principal.

The contract was objected to as irrelevant and immaterial because the suit is on the bond. Said objections were sustained by the referee, and the plaintiff excepted to said ruling. The plaintiff being unable to proceed further because of said ruling, took a nonsuit with leave, and after an unsuccessful motion to set aside the nonsuit and for a new trial, he appealed.

The correctness of the referee's ruling sustaining defendant's objection to the admission in evidence of said bond and the building contract therein referred to, is the only question presented by this record.

At the hearing before the referee defendants admitted signing the bond, but denied its delivery, or that any person was authorized to deliver it for them

until it had been signed by the principal therein named.

It is contended by plaintiff, that the bond is *prima facie* valid and binding on those who signed it, though not signed by the principal, and as it is found in the possession of the obligees, if for any reason defendants are not bound, the burden of showing that they are not rests upon them.

Upon these questions the authorities are in much conflict, and irreconcilable. The following authorities hold that an official bond, or a bond required by statute, not signed by the principal, when purporting to be executed by him, is *prima facie* invalid as to the sureties. *Bunn v. Jetmore,* 70 Mo. 228; *Sacramento v. Dunlap,* 14 Cal. 421; *Johnston v. Kimball Township,* 39 Mich. 187; *Wood v. Washburn,* 2 Pick. 24; *Russell v. Annable,* 109 Mass. 72; *Goodyear, etc. Co. v. Bacon,* 151 Mass. 460; *Green v. Kindy,* 43 Mich. 279; *Ferry v. Burchard,* 21 Conn. 597; *Curtis v. Moss,* 2 Rob. (La.) 367; *State ex rel. v. Austin,* 35 Minn. 51; *Board. v. Sweeney,* 48 N. W. Rep. 302; *Bean v. Parker,* 17 Mass. 591; *Martin v. Hornsby,* 56 N. W. Rep. 751.

Under such circumstances the presumption is that each one of the sureties signed the bond upon the understanding that the others named as obligors and especially the principal would also sign it. *Johnston v. Kimball Township, supra; Wells v. Dill,* 1 Martin (La.) N. S. 592.

In *Sacramento v. Dunlap, supra,* the court, speaking through Justice FIELD, said: "The liability of the sureties is conditional to that of the principal. They are bound if he is bound, and not otherwise. The very nature of the contract implies this. The fact that their signatures were placed to the instrument can make no difference in its effect. It purports on its face to be the bond of the three. Someone must have written

his signature first, but it is to be presumed, upon the understanding, that the others named as obligors, would add theirs. Not having done so, it was incomplete and without binding obligation upon either."

It is also said in that case, that "the instrument in this case is, in form, a joint bond only, and not joint and several, and, in this respect, differs materially from the bonds in the cases of *Parker v. Bradley et al.*, 2 Hill, 584; *Cutter v. Whitmore*, 10 Mass. 442, and *The State of Ohio v. Bowman et al.*, 10 Ohio, 445."

But in *People v. Hartley*, 21 Cal. 585, which was also a suit on a joint bond, the court cites with approval *Bean v. Parker*, *supra*, and *Wood v. Washburn*, *supra*.

The bond under consideration is like the bonds in *Bunn v. Jetmore*, *supra* and *Russell v. Annable*, *supra*, joint and several; but as was said in *Board v. Sweeney*, *supra*, "the decisions are placed upon the broad doctrine that the instrument, as delivered, is an incomplete and imperfect instrument, and is not the contract contemplated by the parties, or that the sureties understood they were making when they affixed their signatures to the instrument."

It was said in *Russell v. Annable*, 109 Mass., *supra*, "the instrument is incomplete without the signature of each partner, or proof that the signature affixed [firm name] had the assent and sanction of each of them. The sureties on a bond are not holden, if the instrument is not executed by the person whose name is stated as the principal therein. It should be executed by all the intended parties."

It is held in *Ward v. Churn*, 18 Gratt. 801; *Williams v. Springs*, 7 Ired. L. 384; *Blume v. Bowman*, 2 Ired. L. 338; *Chandler v. Temple*, 4 Cush. 285; *Grim v. School Directors*, 51 Pa. St. 220, that the possession

of such a bond by the obligee is *prima facie* evidence of its delivery by the persons who have signed it, and the burden is on them to show that it was not to be delivered until signed by the principal.

As holding that such a bond when *joint* and *several* is binding on all who sign it, may be cited, *Loew's Adm'r v. Stocker*, 68 Pa. St. 226; *Woodman v. Calkins*, 34 Pac. Rep. 187; *Miller v. Tunis*, 10 Up. Can. (C. P.) 423; *State to use v. Bowman*, 10 Ohio, 445; *Johnson v. Johnson*, 31 Ohio St. 131; *Douglas. Co. v. Bardon*, 79 Wis. 641; *Trustees v. Sheik*, 119 Ill. 579; *State v. Peck*, 53 Me. 284; *Wild Cat Branch v. Ball*, 45 Ind. 213; *Cooper v. Evans*, 36 L. J. Chan. 431.

With respect to official and other statutory bonds, which are in the one instance required by statute to be executed by the officer, and in the other to be given by the principal in the bond, the weight of authority is in accord with the ruling of this court in the *Jetmore* case, 70 Mo. 228; that is, if the name of the principal is called for in the bond, and it is not signed by him, it is not only void as to him, but as to all who sign it as sureties.  And it makes no difference whether it be in form joint or several, and, if the obligee would hold them liable on it, he must show that they consented to be bound without the signature of the principal.  When there is no principal in such case, there is no surety.

The rule is different when the bond is signed by the principal, and is not signed by one of the sureties named in the bond.  In such circumstances the bond is *prima facie* binding on all who sign it.  And if those who sign it would avoid responsibility thereon the burden rests upon them of showing that at the time of its execution it was agreed that the bond should not be delivered as their deed until all persons named in the bond as sureties had executed it.  *State ex rel. v. Sandusky*, 46 Mo. 377; *Grim v. School Directors*, 51 Pa. St.

220; *Blume v. Bowman*, 2 Ired. L. (N. C.) 338; *Ward v. Churn, supra; Towns to use v. Kellett*, 11 Ga. 286; *Chandler v. Temple*, 4 Cush., *supra; Bank v. Ridgely*, 1 Harr. & Gill. 324; *Pawling v. United States*, 4 Cranch, 219; *Fletcher v. Austin*, 11 Vt. 447; *Whitaker v. Richards*, 134 Pa. St. 191.

In *State to use v. Potter*, 63 Mo. 212, after an able and elaborate review of all the authorities, SHERWOOD, J., writing the opinion of the court, held that an agreement of a surety with his principal, that the latter shall not deliver a bond till the signature of another is procured as a cosurety, will not relieve the surety of his liability on the bond, although the cosurety is not obtained, where there is nothing on the face of the bond, or in attending circumstances, to apprise the taker that such further signature was called for in order to complete the instrument. See, also, *Dair v. United States*, 16 Wall. 1; *State ex rel. v. Baker*, 64 Mo. 167. *State ex rel. v. Modrel*, 69 Mo. 152; *State ex rel. v. Hewitt*, 72 Mo. 603; *Wolff v. Schaeffer*, 74 Mo. 154.

If, then, the bond sued on, being as we hold a common law bond (*State ex rel. v. Thompson*, 49 Mo. 188), is to be governed by the same rules of law that official and statutory bonds are, it is *prima facie* invalid, and the referee did not err in sustaining the objection to its admission in evidence.

And it makes no possible difference, we think, that it is a joint and several bond, as under the Missouri statute (section 2384, Revised Statutes, 1889) all contracts which by the common law are joint only, are to be construed to be joint and several; and while such a distinction has been made by courts of high authority (*Sacramento v. Dunlap*, 14 Cal., *supra; Parker v. Bradley*, 2 Hill (N. Y.), 584, *supra; Cutter v. Whittemore*, 10 Mass.* 442; *State to use v. Bowman*, 10 Ohio, *supra;*

*Kurtz v. Forquer*, 94 Cal. 91), it has never been made by this court.

The authorities cited on the question of the invalidity of an official or statutory bond, not signed by the principal named in such a bond, make no distinction between that class of bonds and a common law bond; but there are authorities which make such a distinction (*State to use v. Bowman, supra*), a principle which we do not controvert, when the bond shows that it is the intention of the sureties to bind themselves regardless of the fact whether the principal signs it or not.

Nothing of the kind appears from the bond in this case. On the contrary, it plainly shows that it was to be signed by the principal in order to make it a complete instrument. By the insertion of his name in the bond as principal there was an implied promise to the sureties that this would be done before it was delivered, and the obligees could not shut their eyes to its imperfect execution thus patent, and hold the sureties liable on the bond without showing by evidence that they intended to be bound in the condition that it was in when they signed it in any event, whether signed by the principal or not.

As it logically follows from the conclusion reached that the judgment must be affirmed, it becomes unnecessary to pass upon other questions raised by defendants. The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.