THEODORE SAFRANSKI v. ST. PAUL, MINNEAPOLIS & MANITOBA
RAILWAY COMPANY and Others.

May 9, 1898.

Nos. 11,031—(79).

Injunction Bond—Failure of Principal to Sign—Liability of Sureties
—Cases Distinguished.

*Held,* that the evidence proved that the sureties on a bond intended to be bound without the signature of their principal, although named as such in the body of the bond. State v. Austin, 35 Minn. 51, and Martin v. Hornsby, 55 Minn. 187, considered and distinguished.

Appeal by defendants from an order of the district court for

Stearns county, Baxter, J., granting a motion for a new trial. Affirmed.

*Geo. H. Reynolds,* for appellants.

*G. W. Stewart,* for respondent.

Hill and Sawyer intended to enter into a common law obligation and to be bound without the company's signature. Parker v. Bradley, 2 Hill, 584; Cutter v. Whittemore, 10 Mass. 442. When it appears directly or inferentially that the sureties intended to be bound without the principal signing, they are bound as if he had signed. Van Norman v. Barbeau, 54 Minn. 388; County of Redwood v. Tower, 28 Minn. 45; Luce v. Foster, 42 Neb. 818; Bollman v. Pasewalk, 22 Neb. 761; Gray v. School District, 35 Neb. 478; Douglas Co. v. Bardon, 79 Wis. 641; Trustees of Schools v. Sheik, 119 Ill. 584; Goodyear D. V. Co. v. Bacon, 148 Mass. 542; Parker v. Bradley, supra; Herrick v. Johnson, 11 Metc. (Mass.) 26; Cutter v. Whittemore, supra; Lewis v. Stout, 22 Wis. 234.

MITCHELL, J.

This action is upon a bond executed in an action brought by the St. Paul, Minneapolis & Manitoba Railway Company against the present plaintiff, to enjoin him from cutting timber and exercising other acts of ownership upon certain premises claimed to be owned by the railway company. It appears that upon the execution and filing of this bond a preliminary injunction was issued, which remained in force until the final determination of that suit in favor of the defendant therein (the present plaintiff). In the body of the bond (Exhibit C) the St. Paul, Minneapolis & Manitoba Railway Company is named as principal, followed by the names of Hill and Sawyer, but not expressly designated as sureties. At the foot of the bond there were three seals, and three lines for the signatures of the obligors. Hill signed on the first line (where the principal usually signs), and Sawyer on the second line. The railway company did not execute the bond at all. It appeared that, at the time the action was commenced and the bond executed, Hill was the president, and Sawyer the secretary and treasurer, of the railway company; also, that Sawyer, as such secretary and treasurer, verified the complaint.

The present action was tried by the court, which held, upon the authority of State v. Austin, 35 Minn. 51, 26 N. W. 906, and Martin v. Hornsby, 55•Minn. 187, 56 N. W. 751, that the sureties were not liable, because the principal had never executed the bond; but subsequently the trial judge, having concluded that he had committed error, granted plaintiff's motion for a new trial, and from that order the defendants appealed.

The doctrine to which this court committed itself in the cases referred to is that where a bond in its body purports to be the obligation of a principal and of sureties, but is incomplete on its face because not executed by the principal, it will be presumed, in the absence of any evidence to the contrary, that the sureties never intended to be bound without the execution of the bond by their principal, and hence that the bond upon its face shows no obligation on their part. But this is merely a disputable presumption of fact. As was said in Martin v. Hornsby, supra, at page 190:

"If sureties see fit to bind themselves absolutely, in any manner, without the signature of the principal, although named as such in the bond, they may do so, precisely as sureties may bind themselves, although one of their number, named as such in the obligation, has refused to sign it, as was the case in Van Norman v. Barbeau, 54 Minn. 388, 55 N. W. 1112."

An intention on the part of sureties to become bound without the signature of their principal may be proven by evidence dehors the bond itself. The evidence in this case, which was in no way rebutted, proved, prima facie, at least, such an intention. In the first place, Hill and Sawyer signed where the principal or principals usually sign such an instrument. But, what is more important than this, they were officers of the railway company. To Hill, as president and chief executive, was presumptively committed the authority to institute and direct the litigation of the company. It was also presumably his duty, and within the scope of his actual authority, as it clearly was within his apparent authority, to execute the bond in behalf of the company. It also appears from Sawyer's verification that he was active in commencing the suit for an injunction. They must have known that the railway company had not signed the bond, and presumably knew that it was

not intended or expected to sign it, although named in the body of the bond. They, or their authorized attorneys, used the bond in that condition, and obtained an injunction on the ·strength of it. Such evidence would not only justify, but require, a finding that the sureties intended to be bound by the bond in its present condition. Indeed, upon the state of facts disclosed by the record, we think they would be estopped to deny their liability on the bond. The trial court was right in granting a new trial.

Order affirmed.