# JOHN N. FELLOWS, Respondent, v. LOUIS KREUTZ, Appellant.

### Kansas City Court of Appeals, May 24, 1915.

1. **PRINCIPAL AND SURETY: Statutory Bond: Common-Law Bond.** Though the bond required by the statute (Secs. 1247, 1248, R. S. 1909) to be given to a city in contracts for public work is not sufficient in form to be a statutory bond, it may be·enforced as a common-law bond.

2. **——: Bond: Public Work: Right of Action: Third Party.** A bond given by a contractor with a city to build sidewalks conditioned for the payment of persons furnishing material, may be sued on by such persons.

3. **——: Agreement to Furnish: To Pay: Materialman.** An agreement in a contract for public work that the contract or shall furnish all material is not an agreement that he will pay for such material. Hence an action cannot be maintained by a materialman against the contractor's sureties who agreed that he would perform his contract.

4. **——: Principal: Intention.** The obligation of a surety is limited by that of the principal, so if the principal is not bound neither is the surety. But if the contract shows that it is the intention of the surety to be bound independently of the principal, he may be *held* liable to perform that which the principal has not agreed to do.

5. **——: Independent Obligation.** Where the contractor for public work had covenanted in his contract to furnish the material, though this did not bind him to pay for such material, yet if the surety on his bond chooses to interpret the agreement to furnish as an agreement to pay and independently obligates himself as surety that the contractor will pay for the material the surety will be bound.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

AFFIRMED.

*Finley & Sapp* for appellant.

(1) The liability of the defendant cannot be extended beyond the express terms of his contract.  He is entitled to stand on the strictness of his obligation. Sterling v. Wolf, 163 Ill. 467, 45 N. E. 218; Young v. Young, 21 Ind. App. 509, 52 N. E. 776; Greenfield Lbr. & Ice Co. v. Parker, 159 Ind. 571, 65 N. E. 747; Dunlap v. Eden, 15 Ind. App. 575, 44 N. E. 560; 1 Brandt on Sur. & Guar. (3 Ed.), sec. 106.   (2) There is nothing in the contracts sued on to show that they were made for the benefit of third parties.   Kansas City ex rel. v. O'Connell, 99 Mo. 357; St. Louis v. Wright Contracting Co., 202 Mo. 451; Howsman v. Trenton Water Co., 119 Mo. 306; State v. Railroad, 125 Mo. 617; 28 Cyc. 1042. (3) ᵀn order that the plaintiff, as a third party, be entitled to sue on the contracts in question, there must have been an express agreement between the city of Columbia and the contractor to pay materialmen. Electric Appliance Co. v. U. S. Fidelity & Guaranty Co., 110 Wis. 434, 85 N. W. 648, 53 L. R. A. 609; Searles v. Flora, 225 Ill. 167, 80 N. E. 98; Montgomery v. Rief, 15 Utah, 495, 50 Pac. 623; Parker v. Jeffery, 26 Ore. 186, 37 Pac. 712.   (4) Either in the contract or bond, the principal must have agreed to pay materialmen before the guarantor can be made liable to such third parties.   Greenfield Lbr. & Ice Co. v. Parker, 159 Ind. 571, 65 N. E. 747; Dunlap v. Eden, 15 Ind. App. 575, 44 N. E. 560; Bunn v. Jetmore, 70 Mo. 228.   (5) A mere agreement of the contractor to furnish the materials and construct an improvement is not an agreement to pay third parties for the materials used, and unless there is an agreement to pay third parties for such materials, then no action can be maintained by them against the guarantor.   Green Bay Lbr. Co. v. School Dist., 121 Ia. 663, 97 N. W. 72; Townsend v. Cleveland F. Co., 18 Ind. App. 568, 47 N. E. 707; Mont

gomery v. Rief, 15 Utah, 495, 50 Pac. 623; Jones Lbr. Co. v. Villegas, 8 Tex. Civ. App. 669, 28 S. W. 558; Puget Sound, etc., Co. v. School Dist., 12 Wash. 118, 40 Pac. 608; Sterling v. Wolf, 163 Ill. 467, 45 N. E. 218; Hart v. State, 120 Ind. 83, 21 N. E. 654, 24 N. E. 151; Spalding Lbr. Co. v. Brown, 171 Ill. 487, 49 N. E. 725. (6) The fact that the defendant gave the plaintiff notice to proceed against the principal, Galm, is not a construction of the contracts sued on by the parties so as to prevent the defendant from urging the construction contended for in his answer, at the trial and on this appeal. Meissner v. Equipment Co., 211 Mo. 112, 133; Bader v. Mill Co., 134 Mo. App. 135; Laughlin v. Joplin, 161 Mo. App. 161, 167. (7) The instruments sued on are not the statutory bonds authorized for the protection of materialmen. R. S. 1909, sec. 1247.

*McBaine & Clark* for respondent.

(1) The obligation sued upon, construed with reference to sections 1247 and 1248, Revised Statutes of Missouri 1909 (though not in the form required by statute), imposed upon defendant common-law liability to pay a materialman who supplied material if the contractor with the city failed to pay for the same. Lumber Co. v. Schwartz, 163 Mo. App. 659; School District ex rel. v. Beggs, 147 Mo. App. 177; Devers v. Howard et al., 144 Mo. 671. (2) The language of the obligation sued upon, construed with reference to sections 1247, and 1248, Revised Statutes of Missouri 1909, clearly shows that the instrument was made for the benefit of plaintiff, who furnished material and was not paid therefor by the contractor. Secs. 1247, 1248, R. S. 1909; Lumber Co. v. Schwartz, 163 Mo. App. 659; St. Louis v. Construction Co., 175 Mo. App. 555; Kansas City to use v. Youmans, 213 Mo. 151.

ELLISON, P. J.—One Oscar Galm entered into four written contracts with the city of Columbia to build certain sidewalks. He gave bond, with defendant as surety, for the fulfillment of the contracts. Galm purchased material for these walks from plaintiff and failed to pay him, and he thereupon sued defendant as such surety and recovered judgment in the trial court. The petition was in eight separate counts, two on each contract; one treating the bond as a statutory obligation under sections 1247, 1248, Revised Statutes 1909, and the other as a common-law bond. At the close of the evidence plaintiff dismissed each of the counts based on the statute and proceeded to judgment on the common-law counts.

Plaintiff has brought the action on the theory that the bond was executed for his benefit and that he has a legal right to bring an action thereon to recover for material purchased from him by the contractor for the work but not paid for. The statute above cited requires that in letting public work, agents for the State, county, city, township, or school district shall take a bond from the contractor with surety, conditioned that he will pay, among other things, for labor and material. The bond in this case was evidently required in obedience to that statute, but being considered not to be sufficient in form, plaintiff has asserted his right to found an action on it as a common-law bond. This may be done. [State v. Cochrane (s. c. not yet reported, 175 S. W. 599); State v. Thomas, 17 Mo. 503; Waterman v. Frank, 21 Mo. 108; Lumber Co. v. Schwartz, 163 Mo. App. 659.]

Galm, the contractor, while not covenanting in this contract and bond with the city that he would pay this plaintiff for material he afterwards bought of him, yet, of course, it was his duty to plaintiff to pay him, and hence plaintiff, though not named in the obligation,

may bring his action on the bond as being for his bene-
fit. [Devers v. Howard, 144 Mo. 671; St. Louis Supply
Co. v. Construction Co., 175 Mo. App. 555.] But, of
course, his rights will be governed by the terms of the
contract, the benefit of which he seeks to obtain.

Now in this case each contract, with the bond se-
curing its performance, is in one paper signed by the
three parties, Galm, as contractor, this defendant as
surety and the city of Columbia as the party letting
the work. In that paper Galm agrees to furnish the
material for the work, but he does not agree to pay for
it. The words of his obligation, as therein expressed,
are that he "shall furnish all tools, material and labor
necessary or required to perform the work." An agree-
ment to furnish a thing, to be used in a certain work,
is not an agreement as to how it shall be obtained. The
contractor may have it on hand, or he may make it,
or he may acquire it as he will, if he furnishes it, he
complies with his obligation as expressed in his con-
tract. If he purchases such material from another he
thereby is obliged to that other by *that* contract of
purchase, to pay him, but such contract is a distinct
matter, unconnected with his contract to perform the
work. That an agreement to furnish is not an agree-
ment to pay has been several times decided. [Sterling
v. Wolf, 163 Ill. 467; Green Bay Co. v. School Dist.,
121 Iowa, 663; Greenfield Lbr. Co. v. Parker, 159 Ind.
571; Puget Sound Co. v. School Dist., 12 Wash. 118.]
In the latter case it is said: "It is true that it is
therein provided that he shall furnish the materials,
and it would be fair to presume that that meant that
he should furnish them at his own expense, but it could
not be inferred from the fact that he was required to do
this that he thereby bound himself to pay the persons
from whom the materials should be obtained.".

But it is said that Kansas City v. Youmans, 213
Mo. 151, by implication at least, is opposed to this

statement of the law though it is conceded this partic-
ular point was not raised. In that case the surety or
guarantor was held to be liable for the payment of
material which the contractor had agreed to furnish.
But it will be seen by reference to page 158 of the report
of that case that the contractor, not only had agreed to
furnish the material, but he had agreed to pay for it.
The court says, ''This contract was drawn in form as
prescribed by section 20 of the Kansas City Charter.''
The court follows this statement by immediately quot-
ing from the charter that ''Contracts for making city
improvements  .  .  .  shall contain a covenant on the
part of the contractor with the city to pay for the work
and labor of all laborers and teamsters, teams and
wagons employed on the job, and for *all materials* used
therein, and performance of such covenant to be guar-
anteed by two or more sureties,'' etc.  Then, at page
162, the surety's obligation, as written in the contract,
is quoted as follows: ''Said parties of the second
part (the sureties) hereby guarantee that the said
party of the first part (the contractor) will well and
truly perform the covenant hereinbefore contained, to
pay for the work and labor of all laborers  .  .  .  and
materials used therein, and if the cost of such work
and labor and materials is not paid in full by said
party of the first part, then the said parties of the
second part hereby agree to pay'' for it, etc.  It is
thus seen that in that case, the contractor expressly
contracted to pay for materials and that the sureties
expressly guaranteed that he would.  Therefore the
essential element lacking in this case was present in
that.

This brings us to consider the legal bounds of de-
fendant's agreement as surety for the contractor.  As
expressed by Judge HALL in Sedalia W. & S. Ry. Co.
v. Smith, 27 Mo. App. 371, ''The general rule is, wher-
ever there is no principal there is no guarantor, and
that, whatever entirely avoids the obligation of the

principal, releases the guarantor. [Brandt on Suretyship and Guaranty, sec. 121.] Under this rule a guarantor may not interpose those exceptions which are personal to the principal, but he has the right to interpose all which are inherent to the debt. [*Id.,* and cases cited.] This rule results from the form of the contract of guaranty, which 'is a collateral engagement for another, as distinguished from an original and direct engagement for the party's own act.' [Chitty on Cont., 499.] We have no doubt, however, on reason as well as authority, but that the guarantor may, by the terms of his contract, make himself liable for the principal debt, although it be invalid. [Mason v. Nichols, 22 Wisc. 360; McLaughlin v. McGovern, 34 Barb. 208; Veasey v. Willis, 6 Gray, 90.] Whether the guarantor has made himself thus liable must depend upon the proper construction of the contract, and the intention of the parties thereby ascertained." So it was decided by our Supreme Court in Bunn v. Jetmore, 70 Mo. 228 (affirmed in Gray v. Murphy, 134 Mo. 98 and North St. L. B. & L. v. Obert, 169 Mo. 520), that a bond running in the name of several persons, one as principal and the others as sureties, but signed only by the sureties, is not obligatory upon them. That case was where a constable's bond was not signed by him but was signed by his sureties. It read that the constable as principal and the sureties, "jointly and severally agree to pay each and every person who may be entitled thereto all such sums of money as the said constable may become liable to pay on account of any execution which shall be delivered to him for collection by virtue of his office,". etc. It will be noticed that that bond obligated the sureties to pay, not merely if the constable did not, but they severally, themselves, agreed to pay whatever sum the constable may become liable to pay. It is said in Gay v. Murphy, 134 Mo. 107, 109, that that circumstance makes no difference.

But in the latter case (p. 108) and in North St. L. B. & L. v. Obert, 169 Mo. 520, it seems to be conceded that if the bond shows that it is the intention of the sureties to bind themselves regardless of whether the principal may be bound, they will be held to be liable. While this is not affirmatively decided we are inclined to adopt the concession as the law for it seems to be reasonable. We think it recognized in Greenfield Lbr. Co. v. Parker, 159 Ind. 1. c. 573, where this statement is made: ''Under the rule above stated it is clear that unless the sureties agreed to be bound for debts due persons for furnishing material there is no reason why they should be held liable in this action.'' And in Montgomery v. Reif, 15 Utah, 502, the court in denying a right of action against sureties by third parties, made this expression: ''The promisors (the sureties) Spencer and Dee, made no promise to pay for material and labor used by Reif (the contractor) in the performance of his contract, and owed no duties to third parties.'' Nothing occurs to us which should prevent the surety being independently bound if he so agrees in the bond, and as the city accepts the bond and allows the contractor to do the work, on account of that independent obligation, it should be counted a valid obligation. In this case the surety defendant's undertaking was in these words: ''Said second party hereby guarantees that the said first party will faithfully perform all covenants and agreements herein before contained, that he will pay all bills for labor and material, and further that he will,'' etc. Now, notwithstanding the contractor had not himself covenanted to pay for material, he had, as we have seen, agreed to furnish it, and as defendant has chosen to interpret the contractor's agreement to furnish as an agreement by the contractor to pay, and such must be the meaning of the words we have just quoted, and there being no question of public policy involved, we allow him the free exercise of his

right to put into the bond whatever obligation he chose to put into it.

These views lead to an affirmance of the judgment. All concur.