No. 9882.

THE J. R. WATKINS MEDICAL CO. *v.* JOHNSON, ET AL.

Decided October 3, 1921.

Action against sureties on a contract.    Judgment for defendants.

*Affirmed.*

1. PRINCIPAL AND SURETY—*Bond of Principal.* Sureties are not bound for the payment of money on a contract not signed by the supposed principal who had no knowledge of the transaction.

2.    *Sureties—Presumption.* The rule that sureties signing an instrument are presumed to have known and guaranteed the genuineness of former signatures, applies only where a bond has been delivered by or on behalf of the principal, though unsigned by him, and the sureties consent to its delivery in that condition.

3.    *Sureties—Unsigned Instrument.* Where an instrument is drawn to bind one person as principal and another as surety, and in the instrument the surety undertakes that his principal shall perform the conditions of the obligation, the surety is not bound when the instrument is not signed by the principal, and the surety does not consent to its delivery in the unsigned condition.

4. ESTOPPEL—*Pleading.* If a plaintiff would recover on the ground of estoppel, the pleadings should notify the defendant of that purpose.

*Error to the District Court of Larimer County, Hon. George H. Bradfield, Judge.*

Mr. LAWRENCE R. TEMPLE, Messrs. TAWNEY, SMITH & TAWNEY, for plaintiff in error.

Mr. H. E. CHURCHILL, Mr. R. W. FLEMING, for defendants in error.

MR. JUSTICE TELLER delivered the opinion of the court.

THIS cause is before us on error to a judgment in favor of the defendants in error in an action in which the plaintiff in error sought to recover on a contract to which the defendants in error were parties.

The complaint alleges that the defendants hereinbefore named, and one R. A. Brand, had entered into a written contract with the plaintiff wherein the said Brand promised to pay to plaintiff a named indebtedness, the time of payment of which was by said contract extended; that in consideration of said extension of the time of payment, the defendants agreed and guaranteed to pay the said indebtedness of Brand. The complaint further alleged the failure to pay, and prayed judgment.

The answer contained a general denial of indebtedness, and of the making of said agreement; also a specific defense that the said Brand did not execute and sign said contract; that he did not admit the said indebtedness, and did not receive an extension of the time for payment thereof. Further, that the defendants when they signed the contract, a copy of which was attached to the agreement, did not know that it was not in fact the contract of the said R. A. Brand. Other defenses need not be considered.

Upon trial to the court, the principal issue to be determined was as to the execution of the contract. On a conflict of evidence the court found for the defendants and the case was dismissed.

Plaintiff in error contends that, conceding that the contract was not executed by R. A. Brand, the sureties were nevertheless bound under the rule that where there is an existing debt, a contract for its payment signed by sureties is valid, though the principal debtor fails to sign. No doubt the rule asserted is well founded, as when for example, there has been a bond given by the supposed principal, and his debt is not disputed; but that is not this case. Here there was no bond given by the supposed principal at all. So far as appears, he had no knowledge of

the transaction. As to him there was no contract with the plaintiff, and though there was evidence of an indebtedness, he, not being a party to the action, and having no opportunity to contest the claim, cannot be said in fact to be indebted.

Nor is the plaintiff in error's cause better founded upon the proposition that sureties signing an instrument are presumed to have known and guaranteed the genuineness of former signatures. That rule, according to the weight of authority, applies only where a bond has been delivered by or in behalf of the principal, though unsigned by him, and the sureties consent to its delivery in that condition. *Gay v. Murphy*, 134 Mo. 98, 34 S. W. 1091, 56 Am. St. Rep. 496.

The burden of proof is upon the obligee to show that the surety consented to the delivery of the bond without the signature of the principal, though it purported to be signed by him. *Goodyear Dental Vulcanite Co. v. Bacon*, 151 Mass. 460, 21 N. E. 404, 8 L. R. A. 486; *State v. Austin*, 35 Minn. 51, 26 N. W. 906 and *Board of Education v. Sweeney*, 1 S. D. 642, 48 N. W. 302, 36 Am. St. Rep. 767, are to the same effect.

In 21 R. C. L. at page 964, it is said:

"The general rule is that where the instrument is drawn to bind one person as principal and another as surety, and in the instrument the surety undertakes that his principal shall perform the conditions of the obligation, the surety is not bound when the instrument is not signed by the principal *and the surety does not consent to the delivery of the obligation in its unsigned condition.* In such cases, moreover, the burden of proving that a surety consented to the delivery of a bond, purporting to be signed by the principal, without the latter's signature, is on the obligee."

It should be observed that we are now considering only the rule which applies to bonds in civil cases, and to nonofficial bonds. We are of opinion also that the judgment was right, because, even if the contention of plain-

tiff in error were correct as to the law, a case has not been made according to the pleadings. The plaintiff sued upon a contract alleged to have been made by R. A. Brand. The contract in evidence was found not to be Brand's contract. If the plaintiff would recover upon grounds of estoppel, the pleading should notify the defendants of that purpose. Upon the whole case we are therefore well satisfied that the judgment of the trial court was right and it is affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE BURKE concur.